915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William MARSHALL, Plaintiff, Appellant,
v.
CITY OF BOSTON, et al., Defendants, Appellees.
 No. 90-1523.
 United States Court of Appeals, First Circuit.
 Sept. 12, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts David S. Nelson, District Judge.
 William Marshall, brief on pro se.
 D.Mass.
 AFFIRMED.
 Before LEVIN H. CAMPBELL, TORRUELLA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the denial of his motion to reopen his case. We review the background.
 
 
 2
 In November 1988, plaintiff filed a vague, conclusory civil rights action against a number of defendants. Plaintiff alleged that one of the defendants had shot him on September 18, 1988. Two defendants moved to dismiss for failure to state a claim or, in the alternative, for a more definite statement. Before this motion had been acted on and before any defendant had filed an answer or other pleading, plaintiff, in a March 1, 1989 letter, requested that his action be withdrawn without prejudice to being reinstated at a later date. While the docket does not reflect it, according to a letter sent to plaintiff, his case was closed March 1, 1989 in accordance with his request. Almost a year later, plaintiff moved to reopen his case and to amend his complaint. Defendants opposed the motion to amend on the ground that plaintiff had voluntarily dismissed his action and that consequently the dismissed complaint could not now be amended. The motion to reopen was denied, and plaintiff has appealed from that denial.
 
 
 3
 On appeal, defendants take the position that plaintiff's appeal from the denial of his motion to reopen is entirely unnecessary as nothing precludes plaintiff from simply filing a new action. We agree. We construe the earlier proceedings below as follows. Plaintiff voluntarily dismissed his action by stipulation before any defendant had filed an answer or motion for summary judgment. Such a dismissal is without prejudice to later refiling of the action. See Fed.R.Civ.P. 41(a)(1). As the actions of which plaintiff complains allegedly took place on September 18, 1988, there is presently no statute of limitations bar to filing a new complaint. See Owens v. Okure, 488 U.S. 235 (1989) (state's general or residual personal injury statute of limitations determines time in which a Sec. 1983 action must be brought); Mass.G.L. ch. 260, Sec. 2A (3 year statute of limitations for personal injury actions).
 
 
 4
 As plaintiff may simply file a new complaint in the district court without obtaining permission from the district court--he need not reopen his prior action--we see no prejudicial error in the district court's denial of plaintiff's motion to reopen.
 
 
 5
 Plaintiff's request that his new action necessarily be assigned to a judge different from the one to whom the first action was assigned is denied.
 
 
 6
 Plaintiff's request for appointed counsel is denied.
 
 
 7
 Affirmed.